# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

**Richard E. Lerner, Esq.**
122 West 27th Street, 10th Floor
New York, New York 10001
Phone: 917.584.4864
Fax: 347.824.2006
richardlerner@msn.com

June 20, 2017

Hon. Pamela K. Chen (as Special Master)
225 Cadman Plaza East
Brooklyn, New York

    Re:    Case 1:17-mc-01302-PKC
               In Re Public Docket - the Appointment of Pamela K. Chen as Special Master

Dear Special Master Chen:

    --    *As to the Government's "Document No. 15":*

I have reviewed my emails of Friday afternoon, and found that I had only emailed document 15 to three individuals – Henry Kaufman, Frederick M. Oberlander, and James Henry. I have conveyed to each of them your honor's directive that they destroy document 15. I have deleted document 15 from my computer.

    --    *As to the Mr. Oberlander's Objections to the Court's Sua Sponte Redaction of the June 14, 2017 Letter:*

On or about March 13, 2013, Judge Glasser issued a secret, *ex parte*, undocketed "order" which was then submitted to the United States Supreme Court in connection with the petition for writ of certiorari there docketed as 12-112.

Relevant contents of the order were subsequently revealed publicly in various litigation fora, most importantly, by Judge Glasser himself, who allowed the public docketing of a motion Mr. Oberlander filed on April 19, 2013 which quoted from that secret order, see page 12 of Exh. A accompanying this, which we just downloaded from PACER, and by the Second Circuit, see page 12 of Exh. B. accompanying this, which we also just downloaded from PACER.

In other words, the facts that (1) a secret filing was made in the Supreme Court, which consisted of (2) a secret order of Judge Glasser's, which stated that (3) Sater had been sentenced in open court, while (4) only days earlier the sentencing transcript had been revealed which showed that Sater's real name was used throughout, are long publicly available on PACER.

Interestingly, while the it might be argued that, well -- How do we even know your allegations about the content of that secret order are true? But, if they aren't, then there also is, by definition, no reason to redact what we said.

In any event, it is now a matter of public record that Felix Sater was sentenced in open court. This is made apparent by Judge Glasser's unsealing of the sentencing transcript, 98-cr-1101, Docket Entry 202 (publicly available here: http://ia600300.us.archive.org/10/items/gov.uscourts.nyed.166709/gov.uscourts.nyed.166709.202.1.pdf). The transcript shows that Sater was sentenced in open court, and his true name was read aloud in open court. Hence, pursuant to *Craig v. Harney*, 331 U.S. 367, 374 (1947), any effort by a court to restrain anyone from saying that Felix Sater was sentenced in open court must be deemed to be a clear violation of the First Amendment, if not ultra vires. Secondly, in motion dated April 19, 2013 on docket 12-mc-150, now available to the public by virtue of Judge Glasser's having publicly docketed it, it is now known that in a secret order submitted to the U.S. Supreme Court just days before Mr. Oberlander's petition for certiorari was to be conferenced, Judge Glasser stated that Sater had been sentenced in open court. See 12-mc-150, docket entry 113 (publicly available here: http://ia800803.us.archive.org/16/items/gov.uscourts.nyed.327482/gov.uscourts.nyed.327482.113.0.pdf)

Thus, there is no basis for the first redaction.

The second sua sponte redaction, we submit, cannot be maintained because, self-evidently the information stated there in is not "sealed," but instead generically indicates that Mr. Oberlander possesses knowledge of information in documents that have been sealed, but does not state what information that is.

Accordingly, it is respectfully submitted that the letter of June 14, 2017 be unsealed in its entirety, with no redactions. Additionally, we request that the letter of June 16, 2017 which explains why there should be no redactions to the June 14, 2017 letter should also be released to the public, as should this letter.

-- *As to the Unsealing in Redacted Form of the February 11, 2011 Letter and Accompanying Declaration:*

With respect to the letter dated February 11, 2011, and the accompanying declaration, my client has not been able yet to fully determine what to redact, and we request until overnight to complete that task, or in the alternative leave it under seal.

Respectfully submitted,

THE LAW OFFICE OF RICHARD E. LERNER, P.C.

Richard E. Lerner

cc: via ECF