

U.S. Department of Justice

United States Attorney
Eastern District of New York

EAG:EMN/TAW

271 Cadman Plaza East
Brooklyn, New York 11201

June 24, 2017

By ECF

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    In re the Appointment of Pamela K. Chen as Special Master
                  Miscellaneous Docket No. 17-1302 (PKC)

Dear Judge Chen:

        The government respectfully submits this letter to provide its position with regard to the applicability of United States v. Charmer Indus., Inc., 711 F.2d 1164 (2d Cir. 1983). For the reasons set forth below, the government submits that Charmer remains applicable and controlling with regard to the continued sealing of John Doe's presentence report ("PSR"). The government respectfully requests that the Court apply the same analysis employed by other courts in related proceedings and find that the PSR and information sourced to the PSR should remain under seal, as there are no compelling or cogent reasons to revisit the law of the case.

I.       Background

       A.       2011 Second Circuit Decision

        On June 21, 2010, the Honorable I. Leo Glasser, relying on Charmer, issued a permanent injunction against the dissemination of Doe's PSR and the information contained therein and directed Richard Roe to relinquish copies of the document. See Roe et al. v. United States et al., 428 Fed. App'x 60, 64 (2d Cir. 2011) (summary order). Roe appealed Judge Glasser's order to the Second Circuit and argued, inter alia, that Judge Glasser erred in relying on Charmer because: (1) Charmer did not address any First Amendment issues; (2) the documents in issue were obtained from a third party and not from the court; and (3) subsequent changes to Rule 32 of the Federal Rules of Criminal Procedure undermined Charmer's continuing viability. See Brief of Appellant at 43-45, Roe et al v. United States et al., No. 10-2905-cr (2d. Cir. Mar. 28, 2011). Roe further argued that, even under Charmer, Judge Glasser's order was improper because Roe satisfied the "compelling need" standard. Id. at 47-48. In support of his arguments

before the Second Circuit, Roe cited to United States v. Watkins, 623 F. Supp. 2d 514 (S.D.N.Y. 2009). Id. at 50-51. After extensive briefing, the Second Circuit rejected Roe's arguments and affirmed the district court's issuance of the order permanently enjoining dissemination of the PSR. Roe, 428 Fed. App'x at 66-67.

B. 2014 Second Circuit Decision

In 2013, Roe, Doe, and the government engaged in unsealing litigation before the Honorable I. Leo Glasser regarding documents filed in the underlying criminal docket, 98-1101-cr. Judge Glasser, in a sealed decision, precluded disclosure of, among other things, Doe's PSR and its contents. See In re Applications to Unseal 98 CR 1101 (ILG), United States v. John Doe 98-cr-1101, No. 13-2373-cv, Dkt. 161-1 at 3 (2d Cir. June 5, 2014). The Second Circuit summarily affirmed. In re Applications to Unseal 98 CR 1101 (ILG), United States v. John Doe 98-cr-1101, No. 13-2373-cv, Dkt. 161-1 (2d Cir. June 5, 2014).

C. 2017 Second Circuit Decision

In 2016, there was a second round of unsealing litigation regarding documents filed in a related district court docket overseen by the Honorable Brian M. Cogan. In re Motion for Civil Contempt by John Doe, Miscellaneous Docket No. 12-557 (BMC) (E.D.N.Y.). The litigation began when the Associated Press, represented by some of the same counsel now representing intervenors Forbes Media LLC and Richard Behar, moved to intervene and unseal the entire docket, see 12-557-mc, Dkt. 156, and in so doing put the relationship between Charmer and the right of access to judicial documents squarely before Judge Cogan. At one point during the litigation, after Judge Cogan had already issued certain orders, the Associated Press filed a letter addressing (and conceding) the applicability of Charmer this way:

> [T]he AP understands that the Orders maintain under seal not only Mr. [Doe]'s Pre-Sentence Report ("PSR"), but also documents that reference portions of that report. While the Second Circuit has made clear that PSRs typically remain confidential for a variety of compelling reasons, United States v. Charmer Industries, Inc., 711 F.2d 1164 (2d Cir. 1983), a wholly different analysis applies when portions of a PSR are used by a party to persuade a Court to act in a particular manner, such as in the context of sentencing memoranda.

Associated Press's May 17, 2016 Letter at 1, 12-557-mc, Dkt. 186 (emphasis in original).

In his memorandum decision issued thereafter after receiving briefing and argument from the Associated Press, Roe, Doe, and the government, Judge Cogan stated the issue before him: "The intervenors' motions to unseal raise the issue of whether the First Amendment mandates unsealing some or all of the documents in the docket, or whether the public's right of access must yield to other compelling interests." June 20, 2016 Memorandum Decision and Order, 12-557-mc, Dkt. No. 199, 3-4. Judge Cogan explained that "[f]or both the common law and the First Amendment, courts must first determine whether the presumption of access applies to the documents at issue." Id. at 5. He added that "[t]he public's right of access applies only to 'judicial documents.'" Id.

2

After explaining how the right of access applies to criminal and civil proceedings and judicial documents, Judge Cogan noted that the "complicating factor that this proceeding presents is that the very issue of contempt relates to dissemination of sealed documents," including the PSR, and "this proceeding's docket contains the PSR in full." Id. at 7. The court went on to note that "courts undertake a separate inquiry when a third party seeks disclosure of a PSR" and instead apply the analysis set forth under Charmer. Id. Accordingly, Judge Cogan held that "there is no First Amendment right of access to PSRs" and the heightened Charmer standard applies to the disclosure of a PSR even when the PSR is the subject of the proceedings. Id. at 8-9.

After reviewing the parties' submissions and the underlying documents, Judge Cogan issued an order directing that "the PSR, and any documents containing information sourced from the PSR, must remain sealed." Id. at 9. Roe appealed Judge Cogan's order to the Second Circuit and argued, inter alia, that John Doe's PSR should be unsealed because of Doe's alleged connection to the new president of the United States. See Reply Brief of Appellant at 12, Doe v. Lerner, No. 16-2935-cv, Dkt. No. 131 at 12 (2d Cir. April 10, 2017). The Second Circuit rejected Roe's arguments and again issued a summary affirmance. Doe v. Lerner, No. 16-2935-cv, Dkt. 212 at 3 (2d Cir. April 20, 2017) ("The District Court . . . properly determined that sealing was appropriate for John Doe's Pre-Sentence Report ('PSR') [and] documents containing information sourced from the PSR . . . .").

II.     Analysis

At the hearing before the Court on June 19, 2017, Roe rehashed the same basic arguments that had previously rejected by the Second Circuit. (See, e.g., June 19, 2017 Hr'g Tr. 72:4-25 (relying again on "the Watkins case").) Incorporating by reference its prior arguments regarding the applicability of Charmer, and relying on the six court decisions noted above, the government urges the Court to reject Roe's attempt to relitigate a settled question in this case. Under the law of the case doctrine, a court is precluded from revisiting or modifying prior decisions absent certain exceptions. The relevant exception given the current procedural context (i.e., in which this Court is acting not as a district court but as a special master to make a report and recommendation to the Court of Appeals), permits a court to reconsider a prior ruling only if "compelling" or "cogent" reasons warrant it to do so. United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (quoting United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000)). "Cogent" or "compelling" reasons include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Uccio, 940 F.2d 753, 758 (2d Cir. 1991) (quoting Doe v. New York City Department of Social Services, 709 F.2d 782, 789 (2d Cir. 1983)). No such reasons have been proffered here.

At last Tuesday's hearing, counsel for intervenors Forbes Media LLC and Richard Behar presented what he contends is a new argument in this case – that Charmer is inapplicable because the PSR was made "part of the court record" and therefore is a judicial document that is "subject to the right of access." (June 19, 2017 Hr'g Tr. 67-71.) In their subsequent memorandum of law, however, the intervenors make clear that they simply fundamentally "disagree with the Second Circuit's conclusion in Charmer" and instead believe that PSRs are judicial documents. See Intervenors Forbes Media LLC and Richard Behar's Mem. of Law at 11

3

n.8, Dkt. No. 27, June 22, 2017 (adding that the Court "need not reach this point in deciding the specific issue presently before it").[1]

As was made clear above, Judge Cogan considered and rejected precisely this argument just last year and, two months ago, was subsequently affirmed by the Second Circuit in doing so.[2] The only allegedly new fact the intervenors point to seems to be that the election of a new president has generated greater general public interest in John Doe. As noted above, that fact was before the Second Circuit and does not change the analysis in any event. In the end, as counsel allowed at Tuesday's hearing, all that is "new" is that the PSR "contains information of the highest public significance potentially"). (June 19, 2017 Hr'g Tr. 70, emphasis added.) But speculation is not sufficient to satisfy the Charmer test and it is not sufficient to justify revisiting the law of the case.

III.   Conclusion

In sum, the government respectfully submits that the arguments presented to the Court at the June 19, 2017 hearing have been fully considered and appropriately rejected. These prior courts have held that third parties must meet the heightened showing under Charmer to gain access to PSRs, even when the subject of the proceeding relates to the PSR. The government respectfully argues that the Court should similarly find that Roe and the intervenors have failed

---

[1] Interestingly, the intervenors concede that Charmer holds that "PSRs in ordinary criminal prosecutions are non-judicial documents" and, even when "incorporated into criminal appendices on appeal, they may at least arguably retain their non-judicial status on appeal, too -- in ordinary appeals in criminal cases." (Intervenors Forbes Media LLC and Richard Behar's Mem. of Law at 11, Dkt. No. 27, June 22, 2017 (emphasis in original).) The intervenors do not define an ordinary appeal or otherwise explain this attempt to limit the applicability of Charmer. As noted above, the Associated Press, which was represented by one of the same counsel now before the Court, similarly attempted to concede the broad applicability of Charmer while nonetheless arguing that a subset of information could be exempted from the Charmer standard. That argument, which Judge Cogan rejected, remains unavailing.

[2] The intervenors, citing to Newsday LLC v. Cty. of Nassau, 730 F.3d 156 (2d Cir. 2013), argue that "the Second Circuit has already clarified that, when litigation arises over the wrongful disclosure of non-judicial documents, the non-judicial documents at issue become judicial documents if submitted into the record in the litigation over their disclosure." (Intervenors Forbes Media LLC and Richard Behar's Mem. of Law at 12-13, Dkt. No. 27, June 22, 2017.) Richard Roe raised this very case to Judge Cogan. See Richard Roe's May 6, 2016 Letter at 1, 12-557-mc, Dkt. 176. Judge Cogan considered Newsday LLC, citing the case several times throughout his opinion, and nonetheless held that Doe's PSR, and any documents containing information sourced from the PSR, must remain sealed. See June 20, 2016 Memorandum Decision and Order, 12-557-mc, Dkt. No. 199, 9.

to demonstrate a compelling need to unseal the PSR to meet the ends of justice and, moreover, failed to offer compelling or cogent reasons to revisit the law of the case.

                Respectfully submitted,

                BRIDGET M. ROHDE
                Acting United States Attorney

         By:   /s/
                Evan M. Norris
                G. Karthik Srinivasan
                Temidayo Aganga-Williams
                Assistant U.S. Attorneys
                (718) 254-7000

cc:  Clerk of Court (PKC) (by ECF)
    All Counsel of Record (by ECF)