C. Collins
ccollins1600@gmail.com
Kyiv, Ukraine

July 7, 2017

Via Fax: 718-613-2516

Judge Pamela K. Chen
225 Cadman Plaza East
Brooklyn New York 11201

Re:  Docket 17-mc-1302
Unsealing of Felix Sater's Secret case documents

Dear Judge Chen:

I request that this letter be posted on Pacer, and that it be deemed to constitute valid service, to the extent such is necessary.[1]

I am an American citizen who is living mostly overseas, a practicing journalist who has published internationally on Felix Sater's connections to President Trump. I expect to continue to do so in the immediate future. I write pursuant to controlling circuit and Supreme Court precedent seeking an emergency expedited clarification whether any apparent orders of this court, if extant, purport to bind me.

In late June 2017, I downloaded from Pacer the memorandum of law and exhibits filed by Richard Lerner with respect to the unsealing of Felix Sater's PSR. It was freely, publicly available.

But now, clicking those documents produces a message that they're "under seal." My understanding is that prior to sealing, there should have been a written publicly docketed sealing order, with reasons for it, prior public notice, and evidentiary findings of compelling reasons, etc. But the docket shows none of that. This is quite beside the fact that there is no decretal language anywhere defining what anyone to whom the order, if there is an order, is directed to do or not do.[2]

---

[1] Please note that while I have had assistance of counsel in writing this letter, I submit this pro se because counsel is not admitted to practice before your honor's court, and for other reasons that I do not believe should concern the court.

[2] Weeks ago, Mr. Oberlander uploaded a request for judicial notice making clear that there is no generally accepted decretal meaning of the term "sealed" by itself.

I intend to write about this case, and briefs and documents, one of which appears to be a redacted motion filed before the United States Supreme Court, publicly docketed by that court, for the last five years available online. It was part of Mr. Lerner's June 24th filing, but you apparently placed it under seal, even though it was made public by the U.S. Supreme Court years ago. This is newsworthy in itself.

It is now public knowledge that (1) Judge Glasser never issued any sealing order in Sater's case that was recorded, documented, or witnessed; (2) Judge Glasser has admitted on the record that he never issued a formal sealing order and never issued any order directed at Mr. Oberlander; yet (3) Judge Glasser held that Mr. Oberlander knowingly and intentionally violated his sealing order.

It seems clear that no one has an obligation to investigate to see whether a court has properly complied with the law in issuing orders. *Ashcraft v. Conoco,* 218 F.3d 288 (4th Cir. 2000)[3],[4]. Thus, I ask for emergency expedited clarification, especially in light of *NML Capital,* where the Second Circuit observed, as to the persons bound by court orders:

Every injunction issued by a district court automatically forbids others — who are not directly enjoined but ... act "in active concert or participation" with an enjoined party — from assisting in a violation of the injunction. [Rule 65]. ... The Supreme Court has expressed its expectation that, when questions arise as to who is bound by an injunction though operation of Rule 65, district courts will not "withhold clarification in the light of a concrete situation." *Regal Knitwear,* 324 U.S. 9 (1945). The doors of the district court obviously remain open for such applications.

Given the above, I ask the court to clarify with all deliberate speed on a fully emergent basis whether it believes I am covered by any order purporting to exist whereby those documents became sealed, or any other order and, if so, to please clarify what the decretal prohibitions are.

Ironically, in the absence of clarification, I will be in the same position as Mr. Oberlander, who this court said did something improper when he used the allegedly "sealed" documents. You stated:

"My overall concern about this is that it almost rewards the bad behavior of Mr. Roe by releasing something he should not have released in the first place. So then the argument goes in order to defend against that there has to be a discussion about what is in it. Then that becomes a bootstrap argument as to why it should be fully disclosed. I'm concerned about this as a matter of policy."

---

[3] "No citizen is responsible, upon pain of criminal and civil sanction, for ensuring that the internal procedures designed to protect the legitimate confidences of government are respected."

[4] "It is evident from the record...that this "decree" was not ... an order of the court at all. Rather, ... this language was affixed to the ... envelope by one of Conoco's paralegals, ... not upon her instruction or ... the court. Nor did the district court sign the warning or direct that it be placed on the front of the envelope...with neither a name nor a signature of any other judicial officer, or any date of any judicial action. And the warning was never entered on the court's docket."

Respectfully, it is no answer that my download of documents occurred before they were sealed, as Mr. Oberlander was accused by Mr. Sater's attorneys of contempt for allegedly disseminating a document from Mr. Lauria's docket, though it was uncontested that Mr. Oberlander downloaded it from Pacer while it was public, as I did with these documents at issue. I understand that in *Gambale v. Deutsche Bank*, 377 F.3d 133, the Second Circuit held it illegal to reseal documents that had been made public, even though the documents had been intended to remain sealed.

If this court believes I have greater rights to speak and publish than Mr. Oberlander, if he has less rights to disseminate a document that was sealed (assuming such was legal) after he had downloaded it from Pacer,[5] or to disseminate documents dropped in his lap by Bayrock employee Joshua Bernstein, than I do, because I am a journalist and he is a lawyer or because of what he would say (that is, if this court recognizes content- or speaker-based selective First Amendment rights), or does not, but believes mere use of the term "sealed" with nothing else other than evident non-availability through the courts binds the world, and may thus sidestep First Amendment prior-restraint due process, and would apply that to a case where corruption may well have reached the White House, the constitutional and political consequences of this case are vast.[6]

---

[5] I presume familiarity with *Cox Broadcasting*, 420 U.S. 469 (1975), (no liability for publishing material lawfully obtained from court records) and *Florida Star*, 491 U.S. 524 (1989)(same, even if public availability unintentional).

[6] The now-unsealed February 14, 2011 oral argument transcripts contain the following colloquy between Mr. Lerner, representing Mr. Oberlander, and the panel, clearly indicating the panel's rather astonishing belief that mere individuals do not have the same First Amendment rights as corporate media:

| | |
|---|---|
| JUDGE POOLER: | Don't we have an admission from Mr. Roe that he has these documents? Isn't that per se evidence? Isn't that enough? |
| MR. LERNER: | To seal the appellate docket? |
| JUDGE POOLER: | Yes. He has records that the judges thought were under seal already. He has them and admitted he has them. |
| JUDGE POOLER: | Why isn't that enough evidence to seal the record until further order of this court? |
| MR. LERNER: | Because in Hartford Courant this court said it is inappropriate to seal an entire court docket. |
| JUDGE POOLER: | But that is a newspaper case. |
| MR. LERNER: | I would submit, your Honors, that under Citizens United all individuals have the same First Amendment rights. The Supreme Court stated it expressly. We no longer distinguish between newspapers and individuals. |
| JUDGE POOLER: | But newspapers have a special charge in publishing information for citizens. Mr. Roe doesn't have any charge in making this information available to citizens. |
| MR. LERNER: | Mr. Roe Has the charge to represent his clients, who have the charge to represent, in a fiduciary role, they represent they are acting derivatively and representing many investors. So he has a First Amendment right to use and publish these documents as he will. |

Respectfully, there could be no other interpretation of that dialogue than that this seven-year proceeding would not have taken place as it had, had Mr. Oberlander been a member of the media, and that suggests at a that the actions of this court and its refusal to allow public what he and Mr. Lerner and, as we now know, others already knew, and its refusal even to allow them to tell Congress what they knew, has influenced if not altered the outcome of a presidential election.

In closing, let me respectfully repeat, I am a journalist. I publish in the media. But I am also a citizen. This court has the opportunity to decide whether my rights are superior to non-journalists and even superior to lawyers, and if so how that could possibly be so, since the Supreme Court said in Citizens United that all of us have the same First Amendment rights.

Accordingly, I request clarification, which the Second Circuit says in *NML Capital* you must provide.

Sincerely yours,
C. Collins



3739 Evergreen Parkway
Evergreen, CO 80439
Phone: 303-670-0190
Fax: 303-670-3673

# Fax Cover Page

To:
Name  Judge Pamela K. Chen
Fax #  718-613-2516
Subject  Unsealing of Sater's documents
# Pages Including Cover Page  5     Date 7/7/2017

From:
Name  Q. Collins
Fax #  303 6703673
Phone #  303 670 0190

Notes:

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **