UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------x
Richard Roe, Jane Doe, John Doe 2,

    *Respondents - Appellants,*          **UNSEALING ORDER**
                                                                   **OF SPECIAL MASTER**
               v.

                                                                   Docket No. 10-2905
United States of America,

    *Appellee,*

John Doe,

    *Defendant - Appellee.*
-----------------------------------------------------------x
-----------------------------------------------------------x
Richard Roe,

    *Petitioner,*

               v.                                                             Docket No. 11-479

United States of America,

    *Respondent,*

               v.

John Doe 1, John Doe 2,

    *Defendants.*
-----------------------------------------------------------x

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re the Appointment of Pamela K. Chen as
Special Master                                                     17-mc-1282 (PKC)
-----------------------------------------------------------x
-----------------------------------------------------------x
In Re Public Docket - the Appointment of
Pamela K. Chen as Special Master                  17-mc-1302 (PKC)
-----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On April 21, 2017, I was designated special master by a panel of the Second Circuit in Nos. 10-2905 and 11-479 to review and provide recommendations regarding the motions of Richard Behar and Forbes Media LLC, as intervenors, David Cay Johnston, DCReport.org, Joe Conason, National Memo, Russ Baker, WhoWhatWhy.org, Dan Wise, and WiseLawNY, as *amici curae*, and Richard Roe[1], as Respondent-Appellee and Petitioner, to unseal those dockets. The government and John Doe[2], whose criminal case materials constituted some of the documents at issue, responded to the unsealing motions.

To facilitate that review, I created two dockets in the district court, one sealed except as to the government and Sater, and one public: (1) *In Re the Appointment of Pamela K. Chen as Special Master*, 17-mc-1282 (the "Sealed Docket"); and (2) *In Re Public Docket - the Appointment of Pamela K. Chen as Special Master*, 17-mc-1302 (the "Public Docket"). However, I directed the parties to file many of the documents on the Public Docket under seal in order to comply with the panel's sealing orders.

Between July 5-14, 2017, I submitted to the panel a Special Master Report (the "Report"), two addenda, and a chart, setting forth my findings and recommendations regarding the unsealing motions filed in Nos. 10-2905 and 11-479. On September 20, 2017, as directed by the panel, I

---

[1] Roe's true name, Frederick M. Oberlander ("Oberlander"), has been known publicly since August 11, 2011. (*See* Letter by Richard Lerner dated June 16, 2017, 17-mc-1302, Dkt. No. 16, at 2 (E.D.N.Y.).) I, therefore, refer to Roe by his true name in this Order.

[2] Doe's true name, Felix Sater ("Sater"), became public "when the Clerk's Office in the Eastern District of New York inadvertently unsealed the [criminal] docket sheet, revealing that Sater was 'John Doe' and a cooperator." *See* Summary Order, *In re Applications to Unseal 98 CR 110 (ILG), USA v. John Doe 98-CR-1101*, 13-2373, Dkt. 161-1, at 3. I, therefore, refer to Doe by his true name in this Order.

publicly filed redacted versions of the Report, addenda, and chart in No. 10-2905.³ (No. 10-2905, Dkts. 465, 472-475.) The panel gave the moving parties the opportunity to file objections to the Report and the government and Sater the opportunity to respond. (*Id*., Dkt. 465.)

On February 9, 2018, the panel issued an order "adopting in full the conclusions and recommendations of the [R]eport and addenda." (*Id*., Dkt. 494.) In addition to granting the unsealing motions to the extent recommended in the Report and unsealing the moving parties' motion papers in Nos. 10-2905 and 11-479, the panel granted me "the authority to determine whether to unseal any or all motion papers filed in the course of the special master proceeding" in the district court. (*Id*., Dkt. 494.)

Accordingly, I have made determinations regarding the continued sealing and the unsealing, either in whole or part, of all documents filed in both the Public and Sealed Dockets. These determinations are summarized in two charts attached hereto as Exhibits A and B.

With respect to these determinations, I note the following:

(1) <u>Bases of Determinations</u>: In making these determinations, I have applied the same reasoning reflected in the Report, which is being unsealed in redacted form in the Public Docket. (*See* Public Docket, Dkt. 79-1; *see also* No. 10-2905, Dkt. 472.)⁴

(2) <u>Unsealing of Documents on the Sealed Docket</u>: Those documents in the Sealed Docket that are being partially or fully unsealed have been re-filed in the Public Docket.

---

³ No. 11-479 is a sealed matter, to which I does not have access.

⁴ The Court further notes that it has redacted all references to the February 14, 2011 oral argument before the panel in Nos. 10-2905 and 11-479, which was a closed proceeding. Although the transcript of the argument was unsealed by the Honorable Brian M. Cogan in *In Re Motion for Civil Contempt by John Doe*, 12-mc-557 (*see* 12-mc-557, Order dated July 21, 2016), I have been advised by the Clerk's Office for the Second Circuit that the transcript remains under seal there. I, therefore, decline to unseal references to the sealed oral argument unless instructed by the panel to do so.

(3) <u>Second Circuit Documents Attached to District Court Filings</u>: To the extent that any filing in the Sealed or Public Docket included, as attachments, documents filed in Nos. 10-2905 and 11-479 that are the subject of the unsealing motions, I have kept them under seal, because the continued sealing or the unsealing of those documents is being done by the Circuit pursuant to the panel's adoption of the Report.

(4) <u>Transcript of Unsealing Hearing on June 19, 2017</u>: As discussed in the Report (*see* Public Docket, Dkt. 79-1 at 6-7; No. 10-2905, Dkt. 472, at 6-7), I conducted a hearing on the unsealing motions on June 19, 2017. For the first three hours, the hearing was open to the public. After approximately three hours, I made the requisite findings under *Press-Enterprise Co. v. Superior Court of Cal. for Riverdale County*, 478 U.S. 1, 13-14 (1984) ("*Press-Enterprise II*") to close the hearing except as to the government's and Sater's counsel, and, initially, Oberlander and his attorney, Richard Lerner ("Lerner"). Oberlander and Lerner were permitted to participate in the first fifteen minutes of the closed proceeding primarily to discuss possible redactions to a sealed letter as to which Oberlander had asserted the attorney-client privilege. After Oberlander and Lerner were excused from the courtroom, I conducted an approximately three-and-one-half-hour hearing with the government's and Sater's counsel to determine the specific reasons for their requests that certain documents and information remain under seal.

As noted, the transcript of the public portion of the unsealing hearing has already been filed on the Public Docket. (*See* Public Docket, Dkt. 33.) However, the closed portions of the proceedings—first with Oberlander, his attorney, and the government's and Sater's counsel present, and then with only the government's and Sater's counsel present—were not previously filed on either the Public or Sealed Docket. I now file on the Public Docket, under seal, transcripts of those closed portions of the proceedings. (*See* Public Docket, Dkt. Nos. 37 and 38.) For the

same reasons articulated at the unsealing hearing, I find that the sealing of the transcript of the closed proceedings is necessary to protect the compelling interests of the government and Sater, and is narrowly tailored to serve those interests. *Press-Enterprise II,* 478 U.S. at 9 (where First Amendment right of access attaches, it may be overcome only if party opposing access demonstrates that "closure is essential to preserve higher values and is narrowly tailored to serve that interest"); (*see* Public Docket, Dkt. 33, at 104-06).

(5) Oberlander's Supreme Court Filings Purportedly Disclosing the Contents of Sater's Presentence Report ("PSR"): Although I permitted the moving parties to recite on the public record at the June 19, 2017 hearing references from Oberlander's petition for writ of *certiorari* that purport to disclose the contents of Sater's PSR[5], I have redacted similar references in Oberlander's submission entitled, "In Support of C. Collins' Letter Motion and in Support of His Own Motion for Emergency Declaratory and Related Relief . . ." (Public Docket, Dkt. 42 (*i.e.*, Public Docket, Dkt. 32 unsealed with redactions)), because those references came from one of Oberlander's other Supreme Court filings that, contrary to his attorney's representations, is not accessible through the Supreme Court's public docket or Westlaw. (*See* Public Docket, Dkt. 42-1 at ECF 47[6] (Oberlander's Supreme Court motion seeking permission to file a redacted writ petition).)

(6) Oberlander's Motion for Reconsideration of My Ruling Prohibiting Him from Making Electronic Filings on the Public Docket: On July 11, 2017, I ruled that Oberlander thereafter was prohibited from filing anything electronically on the Public Docket and that all of his future

---

[5] (Public Docket, Dkt. 33, at 55-58.)

[6] "ECF" refers to the pagination generated by the Court's Electronic Document Filing System and not the document's internal pagination.

submissions would be delivered to my chambers in hard copy for filing. (Public Docket, Order dated July 11, 2017.) My ruling was prompted by Oberlander's gratuitous disclosure of information purportedly from Sater's PSR in a brief that was intended to address a purely legal issue ("*Charmer* brief"). (Public Docket, Dkt. 41 (*i.e.*, Public Docket, Dkt. 28 unsealed with redactions).) After it was discovered that Oberlander's *Charmer* brief contained sensitive information, I sealed it. Oberlander responded by filing a motion to unseal the brief.[7] (Public Docket, Dkt. 42 (*i.e.*, Public Docket, Dkt. 32 unsealed with redactions).) In that motion, Oberlander *again* included references to the purported contents of Sater's PSR. (Public Docket, Dkt. 42-1, at 9.) I denied that motion and issued the July 11, 2017 electronic filing ban on Oberlander.

On July 25, 2017, Oberlander submitted to the Court, in hard copy, a motion for reconsideration seeking to lift the filing restriction.[8] That motion is pending. In it, Oberlander argues, *inter alia*, that: (1) having entered the case late, he was unaware of my prior order that all submissions to the Public Docket "be filed under seal until the Second Circuit instructs otherwise" (Public Docket, Order dated May 10, 2017), and thus his failure to comply with this requirement was neither intentional nor willful (Public Docket, Dkt. 35, at 1-3, 5); (2) my application of the rule was "one-sided" because various filings by other parties were not filed under seal (*id*., at 3-4, 7); and (3) the sealing of Oberlander's *Charmer* brief was content-based and thus *per se* unconstitutional (*id*., at 8).

---

[7] As required, Oberlander's motion to unseal his *Charmer* brief was originally filed with access limited to case participants. (Public Docket, Dkts. 32, 42 (*i.e.*, Public Docket, Dkt. 32 unsealed with redactions).)

[8] That motion has been docketed as Dkt. 35 in the Public Docket.

6

I now deny Oberlander's reconsideration motion for three reasons. First, although Oberlander did not appear in the case at the beginning, he (as an attorney) and his counsel, Lerner, had an obligation to know what filing restrictions or protocols had been applied in the case. Second, while Oberlander is correct that the sealing requirement imposed in the Public Docket was not uniformly observed by the parties (*compare* Public Docket, Dkt. 27 (Intervenors' parties'-eyes-only filing of their *Charmer* brief) *with* Dkt. 31 (Government's public filing of its *Charmer* brief), that fact does not relieve Oberlander or his counsel from complying with that requirement. Third, the electronic filing ban imposed on Oberlander following the submission of his *Charmer* brief was not "content"-based for purposes of constitutional analysis. *See, e.g.*, *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 831, 829 (1995) (viewpoint discrimination is a "subset or particular instance of the more general phenomenon of content discrimination," in which "the government targets not subject matter but particular views taken by speakers on a subject"). Rather, the ban was based on Oberlander's disclosure in his *Charmer* brief of the sealed information that was the very subject of the unsealing motions. Although Oberlander is free to dispute the propriety of sealing this information, he is not free—as he well knows—to disclose that information *before* the Court has ruled on that issue. Thus, I find that the electronic filing ban as to Oberlander was, and continues to be, warranted, and deny Oberlander's motion to reconsider. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d. Cir. 2013) ("[D]istrict courts possess the 'inherent power' and responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases.") (quotations and citation omitted).

To be clear, while I do not anticipate any future filings by Oberlander or any other party in this matter, Oberlander is still banned from doing so electronically and may only make submissions to the Court in hard copy.

(7) <u>Termination of the Special Master Proceeding</u>: With the panel's adoption of the Report, I deem my authority and responsibilities as special master to be terminated, unless and until otherwise instructed by the panel. Accordingly, no future filings should be made in the Public or Sealed Docket without first seeking permission of the Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 5, 2018
    Brooklyn, New York