# THE LAW OFFICE OF RICHARD E. LERNER, P.C.

**Richard E. Lerner, Esq.**
**122 West 27th Street, 10th Floor**
**New York, New York 10001**
**Phone: 917.584.4864**
**Fax: 347.824.2006**
**richardlerner@msn.com**

June 14, 2017

Hon. Pamela K. Chen (as Special Master)
225 Cadman Plaza East
Brooklyn, New York

     Re:    Case 1:17-mc-01302-PKC
             In Re Public Docket - the Appointment of Pamela K. Chen as Special Master

Dear Special Master Chen:

I am Richard Lerner. I have represented non-party respondent-appellant "Richard Roe," a/k/a Frederick M. Oberlander in the overlying 10-cr-2905 and consolidated appeals since inception and speak now in his behalf.

## EXECUTIVE SUMMARY

No sealing, closure, or *ex parte* filings or such can be ordered at this time for failure to observe prerequisites therefor, including clear-and-convincing evidentiary findings of predicate constitutional fact. While the presumptive constitutional rights of public, party, and participant access are in general formidable, in this case they transcend any concept thereof ever seen by this or any court in history.

We say that because the courts have said for centuries that the ultimate protected speech, thus the ultimate protected access interest, is not in speech critical of the government, but speech revealing its misconduct.

Thus, and this is of particular import because it defeats any concept that the court may rely on findings of closure justification made prior to today (and there are none that satisfy the law).

We deal now with the *denouement* of a public disgrace, the government's conspiracy to violate criminal and constitutional laws of the United States to facilitate the racketeering of convicted mobster Felix Sater and, at least as of 2008, his culpable and complicit co-conspirator

1

therein, Donald J. Trump. For make no mistake, what has come to light since the initial and ille-gal closures ordered herein, is no less than evidence well sufficient to indict Mr. Trump for rack-eteering, bank fraud, mail fraud, wire fraud, and related criminal activity taken in concert with or culpable facilitation of those same crimes of appellee Sater.

All of which the government knew or facilitated by methods and means including fraud on, and in, this and other courts –

For reasons set forth below, we cannot at this time be put to our proof of this or anything else because the burdens are on the proponents of closure, even if curia ipsa, but rest assured we stand ready to so prove this at any time in any forum, both to disqualify the entirety of the coun-sels of Sater and of the Eastern District United States' Attorney's Office from being heard *in camera* or *ex parte* and to make clear the inherently suspect nature of anything they would repre-sent to this court, as their credibility, we submit, has long been deservedly forfeited. Again how-ever, such motion has not been ordered filed today and is premature insofar as it presupposes the court's observance of the rules of process and substance going forward.

## AS TO PREDETERMINED CLOSURE OF THE UNSEALING HEARING

Mr. Oberlander objects to any closure of the pending unsealing hearing on Monday, June 19, 2017, with the following exception, which should be sufficiently self-explanatory that it need no further comment.[1]

---

[1] We assume that nearly a half-century after the *Richmond* cases and similar closure jurispru-dence of this court, and in light of the brief window afforded us to respond, we need not detail the substantive and procedural issues of closure other than to respectfully remind the court that (1) virtually all aspects of criminal proceedings, including appeals, are presumptively open to the public under the First Amendment; (2) before there can be any closure of any hearing, there must be a pre-closure hearing which is similarly presumptively  open to the public at which anyone may be heard; (3) any closure must be preceded by and supported by a record capable of *de novo* review of the findings of constitutional facts justifying the closure; (4) said findings must be on a

In 2003 the Fourth Circuit heard oral argument in the case of Zacarias Moussaoui, the so-called "tenth terrorist" in the September 9, 2011 attacks. The government argued there that the entirety of every submission into the district court during Moussaoui's criminal trial should be automatically sealed without individual determination as a matter of national security. Long story short, the Fourth Circuit refused to go along, and instead held bifurcated oral argument (part open, and part closed). (See United States v. Moussaoui, 65 Fed.Appx. 881 (4th Cir. 05/13/2003)).

Accordingly, Mr. Oberlander will not object to adoption of a procedure that, recognizing the presumptive openness of all proceedings in this criminal appeal, begins and remains open so that all issues of unsealing that are capable of resolution in the disinfecting light of sunlight may be so heard, and all which are not capable of being heard in the open may be adjourned (along with the putative findings why they should not), such that objection to same may be heard here and then if necessary, reviewed on an emergent basis, by the panel in objection thereto.[2]

In sum, to the extent the court's directive means, "The court has determined to seal the coming hearing on motions to unseal; if anyone objects step forward now or forever hold your peace," our response is,  that is illegal *per se*, as whether by motion of a party or the court's own motion the court cannot ever issue such a directive without having the proponent (even if *curia ipsa*) first come forward and make its case for closure pursuant to and in conformance with the moral and categorical imperatives of the *Richmond et seq.,* i.e., the constitutional prerequisites and millennium-long tradition of Anglo-American juridical openness.

Of course to the extent the court not only expects to close the courtroom to the public but also to the movants, please take notice that as of right Mr. Oberlander now joins in the motion to unseal the entirety of the content of the docket(s) and since, with one solitary known exception, an *ex parte* filing ████████████████████████████████████ ████████████████████████████  Mr. Oberlander and counsel know every word of every document filed here (save for minimal redactions) and are the source for most of them, there cannot conceivably be any basis to exclude us from such hearing.

---

clear-and-convincing evidentiary record; and (5) such record must establish that (a) there is a constitutionally cognizable compelling interest which overwhelms the public's right of access; (b) that compelling interest must present in the form of a near-certain, imminent risk of grave harm akin to the onset of war; (c) the court must find that the contemplated closure is the least restrictive means necessary which both can and with near-certainly will prevent that harm and so will not be futile; and (d) at all times all burdens of production and persuasion are on the proponent of closure and any findings must be made in and after its predicate hearings have been conducted pursuant to full adversarial due process.

[2] There being no appellate jurisdiction from these proceedings as they could not produce orders of a district court appealable under § 1291 or § 1292. This proceeding and those it references should be on the appellate docket itself as the court serves as a special master pursuant to FRAP 48 to deal with fact-finding of issues first presenting

## AS TO PREDETERMINED SEALING AND *EX PARTE* FILING
## OF THE GOVERNMENT'S AND SATER'S PAPERS

For the same reasons as set forth above, Mr. Oberlander objects to filing by Sater and the government (insofar as it is the EDNY USAO) of anything under seal or *ex parte* with the exception that they may be asked to participate and if they choose to do so then ordered to prepare a redacted version of anything they submit for immediate simultaneous public disclosure upon which we and anyone else in the world who care to be may be heard in opposition to said redactions.


## MISCELLANEOUS AND PROCEEDING FORWARD

To present the issue and preserve it, though it was not set for such today by any directive, we note that the transcript of the February 14, 2011 proceeding referred to above is available all over the internet and on Yale's website while it is also under seal in this proceeding, again without explanation given that it has been conceded public by all involved.

It would appear there is an unknown risk on us or anyone else in this matter, including the court itself and all counsels everywhere and other privies, of prosecution for criminal contempt if we discuss or disseminate that transcript now, especially insofar as this court's temporary injunction pendent lite of February 14, 2011 somehow remains extant despite the issuance of a mandate seven years ago that should have extinguished it. In fact, it appears we can't even discuss or quote its decretal language publicly, and that of course precludes doing so in this filing.

This is constitutional nonsense of course, and we will address it shortly, and separately.

The inability of the government or Sater to file secretly or be heard in secret is manifest. We cannot be put to our proof or any proof why that is as the burden is on them or the court to first establish why this could possibly be necessary so that we may refute.

To the extent that the issue of the government's and Sater's counsel's unfitness to proceed in any filings or arguments that take place under seal or ex parte, we note that until the issue of whether they can do so at all is resolved in favor that they can the issue is premature and unripe, and in any event there was not near enough time afforded for us to put forth the case that their mutual history of fraud in the conduct of this and related matters below disqualifies them from ever being heard in secret here again. We respectfully reserve the right to so move by emergency order to show cause if and to the extent the court decides after tomorrow to allow any such secret presentments.

4

We emphasize however that we mean what we say, that to a sufficient degree (the test for which should and must be not whether they are corrupt, but whether the public whose rights of access they would impede could ever believe that they are not) of profferable evidentiary support they are incompetent to be heard in secret by their past cover-ups, frauds, and concealments.

Respectfully submitted,

**THE LAW OFFICE OF RICHARD E. LERNER, P.C.**

Richard E. Lerner

cc: via ECF